United States District Court
Southern District of Texas
**ENTERED**
July 17, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Jorge Luis Rodriguez-Valera, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-3108 |
| | § | |
| Mark Wayne Mullin, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Jorge Luis Rodriguez-Valera is a native and citizen of Cuba who concedes that he unlawfully entered the United States in 2021. Docs. 1 ¶¶ 1–2, 9-1. On November 15, 2025, he was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b)(2)(A), and he remains in the custody of Respondent, Warden of the Joe Corley Detention Facility, in Conroe, Texas. Docs. 1 ¶ 11, 9 at 2. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates (i) substantive due process; (ii) procedural due process; (iii) the Fourteenth Amendment's Equal Protection Clause; (iv) the Suspension Clause of Article I of the Constitution; (v) the Administrative Procedures Act; (vi); the *Accardi* Doctrine; and (vii) the Immigration and Nationality Act. Doc. 1.

Now before the Court is Respondent's Motion for Summary Judgment, Doc. 9, to

which Petitioner has responded in opposition, Doc. 12.[1] Respondent maintains that Petitioner is not entitled to a bond hearing because he is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention pending his removal proceedings. *See* Doc. 9 at 1; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).[2]

As such, Respondent's Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be

---

[1] In his Reply, Petitioner principally relies on the Fifth Circuit's panel opinion in *Sosnava Rodriguez v. Ortega*, but the Circuit has since ordered the cause reheard *en banc* and vacated that opinion pursuant to Fifth Circuit Rule 41.3. *See* On Petition for Rehearing En Banc, No. 26-50183, (5th Cir. July 10, 2026), Doc 174-1. As such, the Court is not bound by the panel opinion's holding or rationale.

[2] To the extent Petitioner argues his present detention constitutes "arbitrary and capricious" government action violative of the Fifth Amendment's Due Process Clause, *see* Doc. 1 ¶¶ 63, 108, the Court also considered and rejected this argument. *Campos Bernal*, 2026 WL 1804234 at *4 n.4.

entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 17th of July, 2026.

Nicholas J. Ganjei
United States District Judge